IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWIN WAYNE JOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV957 |
| | ) | |
| MAURY CI, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted what the Court treated as a civil rights action pursuant to 42 U.S.C. § 1983 based on Plaintiff's allegations and a request that he be allowed to file an action under § 1983 and a habeas corpus action in a federal court in Virginia. This Court does not control whether or not Plaintiff files cases in Virginia. However, the Court does note that Plaintiff is a frequent filer of frivolous actions, that the claims he seeks to raise have been rejected many times by this Court, and that different rules and standards will not apply if he attempts to raise these claims in federal court in Virginia. A court in Virginia would also likely dismiss or transfer Plaintiff's filing based on improper venue. Further, regarding filing for a writ of habeas corpus, as the Court has informed Plaintiff in past actions, he may only proceed with a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after receiving permission to file a second or successive petition from the United States Court of Appeals for the Fourth Circuit. Finally,

as to his filing under § 1983, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.  The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). Plaintiff also requests the address of a federal court in Virginia. This Court will not aid Plaintiff in filing improper or frivolous actions in other courts and, therefore, will not provide Plaintiff with any address.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff typical § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action, on the proper forms, which corrects the defects cited above.

This, the 19th day of October, 2020.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**